**IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | |
|---|---|
| **RICHARD LEE ELDRIDGE,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 16-cv-3173 |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

**OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge.**

This matter is before the Court on Petitioner Richard Lee Eldridge's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (d/e 1). Under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, this Court must promptly examine the motion. If it appears from the motion, any attached exhibits, and the record of prior proceedings that Petitioner is not entitled to relief, the Court must dismiss the motion. See Rules Governing Section 2255 Proceedings, 4(b). A preliminary review of Petitioner's

motion shows that the Motion must be dismissed because Petitioner is not entitled to relief.

## I. BACKGROUND

In November 2007, Petitioner was charged by Indictment with conspiracy to manufacture five or more grams of methamphetamine (Count 1), possession and carrying of a firearm in furtherance of and during and in relation to a drug trafficking crime (Count 2), and possession of a firearm by a convicted felon (Count 3).  See United States v. Eldridge, United States District Court, Central District of Illinois, Springfield Division, Case No. 07-cr-30112 (hereinafter Case No. 07-cr-30112), Indictment (d/e 11). Petitioner ultimately pleaded guilty to Counts 1 and 2 pursuant to a Plea Agreement, and the Government agreed to move to dismiss Count 3.  See Plea Agreement (d/e 29); Report and Recommendation (d/e 31); October 20, 2008 Text Order accepting the guilty plea.

In November 2008, the Court granted the Government's motion to dismiss Count 3 and sentenced Petitioner to 188 months' imprisonment on Count 1 and 84 months' imprisonment on Count 2 to run consecutively to Count 1.  Case No. 07-30112,

Judgment (d/e 36).  In November 2015, Petitioner's sentence on Count 1 was reduced in light of United States Sentencing Guideline Amendment 782 to 151 months' imprisonment to be served consecutive to the sentence of imprisonment on Count 2 of 84 months.  See Amended Judgment (d/e 57).

On June 15, 2016, Petitioner filed his § 2255 Motion asserting that 18 U.S.C. § 924(c) is unconstitutionally vague under Johnson v. United States, 135 S. Ct. 2551 (2015).

## II. ANALYSIS

In Johnson v. United States, 135 S. Ct. 2551, 2563 (2015), the United States Supreme Court held that the residual clause of the Armed Career Criminal Act was impermissibly vague and, therefore, "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process."  The residual clause of the Armed Career Criminal Act defined a "violent felony" to include an offense punishable by imprisonment for a term exceeding one year that "otherwise involves conduct that presents a serious potential risk of physical injury to another [.]"  18 U.S.C. § 924(e)(2)(B)(ii).

Petitioner seeks to apply to reasoning of Johnson to the residual clause contained in 18 U.S.C. § 924(c)(3)(B).

Under § 924(c), an individual convicted of using or carrying a firearm during and in relation to any crime of violence or drug trafficking crime, or possessing a firearm in furtherance of such a crime, receives a five-year mandatory minimum sentence in addition to the punishment for the underlying crime. 18 U.S.C. § 924(c)(1)(A)(i). If the firearm is brandished, the mandatory minimum increases to seven years. 18 U.S.C. § 924(c)(1)(A)(ii).

A "crime of violence" is defined at § 924(c)(3) and includes a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B).[1] Some courts refer to this subsection as the "residual clause." See In re Fleur, --- F.3d ---, 2016 WL 3190539, at *2 (11th Cir. June 8, 2016); United States v. Fuertes, 805 F.3d 485, 498 (4th Cir. 2015).

Petitioner argues that § 924(c)(3)(B) is unconstitutionally vague in light of United States v. Johnson. Although the language

---

[1] Section 924(c)(3) also defines a crime of violence to include any felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another[.]" 18 U.S.C. § 924(c)(3)(A).

in § 924(c)(3)(B) is not identical to the language in the Armed Career Criminal Act's residual clause, the Seventh Circuit recently applied the holding of Johnson to the definition of "crime of violence" to 18 U.S.C. § 16(b), which contains language nearly identical to the language in § 924(c)(3)(B).  See United States v. Vivas-Ceja, 808 F.3d 719, 723 (7thCir. 2015) (finding the language in § 16(b) "materially the same" as the language in the residual clause of the Armed Career Criminal Act and applying the reasoning of Johnson to find § 16(b) unconstitutionally vague); 18 U.S.C. § 16(b) (defining crime of violence to include "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense"). Therefore, it is likely that the reasoning of Johnson applies to the § 924(c)(3)(B) and renders § 924(c)(3)(B) unconstitutionally vague.

However, even assuming that the reasoning of Johnson applies to the definition of crime of violence in § 924(c)(3)(B), Petitioner is not entitled to relief.  Specifically, Petitioner was convicted of possession and carrying of a firearm in furtherance of and during and in relation to a drug trafficking crime, not a crime

of violence. Therefore, the definition of crime of violence in § 924(c)(3)(B) was not implicated when Petitioner was sentenced. See United States v. Parnell, --- F. App'x ---, 2016 WL 3230697, at *4 (3rd Cir. June 13, 2016) (unpublished) (because the jury found that the defendant carried the gun during and in relation to a drug trafficking crime, the Court did not need to determine whether the residual clause in § 924(c)(3)(B) was constitutional in light of Johnson). Consequently, Petitioner is not entitled to relief.

### III. CONCLUSION

Because it plainly appears from the Motion and the record of the prior proceedings that Petitioner is not entitled to relief, the Motion Under 28 U.S.C. § 2255 to Vacate Plea, Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (d/e 1) is SUMMARILY DISMISSED. The Clerk is DIRECTED to notify Petitioner of the dismissal. Because Petitioner has not made a substantial showing of the denial of a constitutional right, the Court also denies a certificate of appealability under Rule 11(a) of the Rules Governing Section 2255 Proceedings. See 28 U.S.C. § 2253(c)(2). This case is CLOSED.

ENTER:  June 23, 2016

FOR THE COURT:

                                  <u>s/Sue E. Myerscough</u>
                                SUE E. MYERSCOUGH
                                UNITED STATES DISTRICT JUDGE