IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| RICHARD LEE ELDRIDGE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No.  16-cv-3173 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

On June 15, 2016, Petitioner Richard Lee Eldridge filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (d/e 1), which the Court summarily dismissed.  Petitioner has now filed a Motion to Alter or Amend the 06/24/2016 Opinion and Judgment (d/e 5) and a Motion for Leave to File an Amended 28 U.S.C. § 2255 Petition (d/e 6).  Because amendment would be futile, the Motions are DENIED.

## I. BACKGROUND

In 2008, Petitioner was convicted of conspiracy to manufacture five or more grams of methamphetamine (Count 1) in

violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B) and possession and carrying of a firearm in furtherance of and during and in relation to a drug trafficking crime (Count 2) in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  See United States v. Eldridge, United States District Court, Central District of Illinois, Springfield Division, Case No. 07-cr-30112.  Under § 924(c), an individual convicted of using or carrying a firearm during and in relation to any crime of violence or drug trafficking crime, or possessing a firearm in furtherance of such a crime, receives a five-year mandatory minimum sentence in addition to the punishment for the underlying crime.  18 U.S.C. § 924(c)(1)(A)(i).  If the firearm is brandished, the mandatory minimum increases to seven years. 18 U.S.C. § 924(c)(1)(A)(ii).

In his § 2255 Motion, Petitioner alleged that he was entitled to relief under Johnson v. United States, 135 S. Ct. 2551, 2563 (2015).  In Johnson, the United States Supreme Court held that the residual clause of the Armed Career Criminal Act that defined a violent felony was impermissibly vague and, therefore, "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due

process." Id.  The residual clause of the Armed Career Criminal Act defined a violent felony to include an offense punishable by imprisonment for a term exceeding one year that "otherwise involves conduct that presents a serious potential risk of physical injury to another [.]"  18 U.S.C. § 924(e)(2)(B)(ii).

Although Petitioner was not sentenced under the Armed Career Criminal Act, Petitioner sought in his § 2255 Motion to apply the reasoning of Johnson to the residual clause contained in 18 U.S.C. § 924(c)(3)(B), which defines a crime of violence for purposes of § 924(c).  See 18 U.S.C. § 924(c)(3)(B) (defining a crime of violence to include a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense").

On June 23, 2016, this Court summarily dismissed Petitioner's Motion because, even assuming that the reasoning of Johnson applied to the definition of a crime of violence in § 924(c)(3)(B), Petitioner was not entitled to relief.  Opinion (d/e 3). Specifically, Petitioner was convicted of possessing and carrying a firearm in furtherance of and during and in relation to a drug trafficking crime, not a crime of violence.  Therefore, the definition

of crime of violence in § 924(c)(3)(B) was not implicated when Petitioner was sentenced. Judgment under Federal Rule of Civil Procedure 58 was entered on June 24, 2016. See Judgment (d/e 4).

On July 18, 2016, Petitioner filed the Motion to Alter or Amend the 06/24/2016 Opinion and Judgment (d/e 5) and the Motion for Leave to File an Amended 28 U.S.C. § 2255 Petition (d/e 6) at issue herein.

## II. ANALYSIS

In the Motions, Petitioner essentially asks the Court to vacate the previous judgment and grant Petitioner leave to amend his § 2255 Motion to argue that 18 U.S.C. § 924(c)(2)—which defines a drug trafficking crime—is unconstitutionally vague in light of Johnson. Petitioner argues that § 924(c)(2) defines a drug trafficking crime using language that impermissibly includes a person like Petitioner who was not involved in any drug trafficking. See Am. Mot. (d/e 6 at 6).

A petitioner can amend his § 2255 petition after judgment has been entered only if the judgment is vacated under either Federal Rule of Civil Procedure 59(e) or 60(b) and the case has

been reopened. Rodriguez v. United States, 286 F.3d 972, 980 (7th Cir. 2002) (involving a § 2255 petition); Hunt v. Parsley, No. 08-cv-44-MJR, 2009 WL 1938792, at *1 (S.D. Ill. July 6, 2009) ("Where a plaintiff wishes to amend his complaint after judgment, he may do so only after the judgment has been vacated or set aside pursuant to either Federal Rule of Civil Procedure 59(e) or 60(b) and the case has been reopened").

The Court construes Petitioner's Motion to Alter or Amend the 06/24/2016 Opinion and Judgment as being brought under Rule 59(e) because it was filed within 28 days of entry of the judgment and seeks to reopen the judgment. See Fed.R.Civ.P. 59(e) (providing that the motion to alter or amend the judgment "must be filed no later than 28 days after entry of the judgment"); Borrero v. City of Chicago, 456 F.3d 698, 699 (7th Cir. 2006) (motion can be deemed as filed under Rule 59(e) even if it is not labeled as such).

A plaintiff is entitled to relief under Rule 59(e) if he can clearly establish (1) that the district court "committed a manifest error of law or fact" or (2) "that newly discovered evidence precluded entry of judgment." Blue v. Hartford Life and Accident Ins. Co., 698 F.3d

587, 598 (7th Cir. 2012); see also Sigsworth v. City of Aurora, Ill., 487 F.3d 506, 512 (7th Cir. 2007).  A manifest error is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (internal quotation marks omitted).  Moreover, Petitioner cannot use Rule 59(e) to make arguments he could have made before this Court rendered judgment.  LB Credit Corp. v. Resolution Trust Corp., 49 F.3d 1263, 1267 (7th Cir. 1995).

In his motion to alter or amend, Petitioner argues that the Court should have held him to less stringent standards because he is pro se.  This does not amount to a manifest error of law or fact.  The Court subjected Petitioner's § 2255 Motion to a less stringent standard but summarily dismissed the Motion because Petitioner is not entitled to relief under Johnson.  In addition, Petitioner has not presented newly discovered evidence that would have precluded entry of judgment.  As such, Petitioner's Motion to Alter or Amend is denied.

Even if this Court were to grant the Rule 59(e) motion, the Court would not grant Petitioner leave to amend because the

amendment would be futile.  Rodriguez, 286 F.3d at 980 (court may deny leave to amend if amendment would be futile).

Section 924(c)(2) defines a "drug trafficking crime" as "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46."  This subsection is nothing like the residual clause that Johnson found impermissibly vague.  Section 924(c)(2) sets forth the specific felonies that constitute a drug trafficking crime and does not contain a residual clause.  Therefore, Johnson has no effect on convictions for § 924(c) based on drug trafficking crimes, and Petitioner's amendment would be futile.  See United States v. Parnell, --- F. App'x ---, No. 14-4100, 2016 WL 3230697, at *4 (3rd Cir. June 13, 2016) ("Johnson does not call into question '[§ 924(c)(2)'s] unambiguous definition of 'drug trafficking crime'"); United States v. Gibson, No. 3:07-1057-CMC, 2016 WL 3552008, at *2 (D. S.C. June 30, 2016) (rejecting the defendant's argument that all of § 924(c) was void for vagueness under Johnson); Polanco v. United States, No. 1:16-cv-20576-UU, 2016 WL 1357535, at *2 (S.D. Fla. Apr. 6, 2016) (holding that the Supreme Court's ruling in Johnson

is inapplicable to the definition of a drug trafficking crime at 18 U.S.C. § 924(c)(2)).

### III. CONCLUSION

For the reasons stated, Petitioner's Motion to Alter or Amend the 06/24/2016 Opinion and Judgment (d/e 5) and a Motion for Leave to File an Amended 28 U.S.C. § 2255 Petition (d/e 6) are DENIED.  To the extent necessary, the Court also denies a certificate of appealability under Rule 11(a) of the Rules Governing Section 2255 Proceedings.  See 28 U.S.C. § 2253(c)(2).  This case remains CLOSED.

**ENTER: July 29, 2016**

**FOR THE COURT:**

    s/Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE